# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITCHELL E. THOMAS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 16-CV-763-GKF-JFJ |
| JASON BRYANT, Warden | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner, a state prisoner proceeding pro se,[1] filed this 28 U.S.C. § 2254 habeas corpus petition (Doc. 6) to challenge the constitutional validity of his conviction and sentence in Tulsa County District Court Case No. CF-2013-4194. In response, Respondent filed a motion to dismiss the petition as time barred (Doc. 11), along with a supporting brief (Doc. 12). Having reviewed Respondent's motion and brief, and Petitioner's response to the motion (Doc. 16), the Court finds that Respondent's motion shall be granted and that the petition shall be dismissed with prejudice as time barred.

## *BACKGROUND*

On April 2, 2015, Petitioner pleaded guilty to, and was convicted of, one count of Sexual Abuse of a Minor Child, in violation of OKLA. STAT. tit. 21, § 843.5(E), in Tulsa County District Court Case No. CF-2013-4194. Doc. 12 at 2; Doc. 12-4 at 13-16, 24.[2] In accordance with the

---

[1] The Court must liberally construe pro se pleadings without "assum[ing] the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] For consistency, the page numbers in the Court's record citations refer to the court-stamped page numbers in the upper right-hand corner of each document.

negotiated plea agreement, the state district court imposed a 30-year prison sentence, with the last 5 years suspended. Doc. 12-4 at 16, 23, 31. Petitioner did not seek to withdraw his plea within 10 days of sentencing, nor did he seek direct review of his conviction and sentence in the Oklahoma Court of Criminal Appeals (OCCA). Doc. 12-5 at 2.

On March 16, 2016, Petitioner applied for post-conviction relief in the District Court of Tulsa County. Doc. 12-1. In his application, Petitioner sought permission to file a certiorari appeal out of time, asserted 14 propositions of error to support his request for post-conviction relief, and requested appointment of counsel and an evidentiary hearing. *Id.* The state district court denied Petitioner's request for permission to file an out-of-time appeal, finding that Petitioner failed to show he was denied an appeal through no fault of his own. Doc. 12-5 at 4-5. The court also denied Petitioner's request for post-conviction relief, concluding that most of his alleged errors were procedurally barred, *id.* at 5-7, and rejecting his remaining alleged errors on the merits, *id.* at 7-12. Finally, the court denied Petitioner's requests for appointment of counsel and an evidentiary hearing. *Id.* at 12-13.

Petitioner challenged the state district court's decision on September 20, 2016, by filing a post-conviction appeal. Doc. 12-6. On November 30, 2016, the OCCA affirmed the state district court's decision. Doc. 12-7. In doing so, the OCCA agreed with the state district court's conclusion that nine of Petitioner's alleged errors were waived because Petitioner could have raised those errors in a direct appeal. *Id.* at 2. The OCCA then considered and rejected the merits of Petitioner's claims that he was entitled to post-conviction relief based on either "actual innocence" or "newly discovered evidence." *Id.* at 2-3. Finally, the OCCA considered de novo

Petitioner's request for permission to file a certiorari appeal out of time and denied that request. Like the state district court, the OCCA determined that Petitioner failed to show that he was denied an appeal through no fault of his own. Doc. 12-7 at 4.

Petitioner filed the instant federal habeas petition on January 17, 2017.[3] Doc. 6 at 1.

*ANALYSIS*

Petitioner alleges that he is entitled to federal habeas relief on the following grounds:

Ground 1:   Jurisdictional violations
Ground 2:   Indictment violations
Ground 3:   Option to charge under lesser offenses was neither offered nor pursued.
Ground 4:   The conviction is based upon perjured, falsified testimony that was coached, conspired, and misleading, creating fraud upon the court.
Ground 5:   Spousal privilege and confidentiality were violated, creating an ineligible witness for the prosecution.
Ground 6:   Presentence investigation was not ordered or offered. As a "first time offender" this should have been automatically ordered and completed without option.
Ground 7:   I was deprived of an appeal, through no fault of my own.
Ground 8:   The guilty plea was not intelligently, voluntarily made, nor entered into due to emotional duress, coercion, false promise, fear tactics used by the prosecutor, and many misleading conversations with

---

[3] The Clerk of Court received Petitioner's habeas petition on January 23, 2017, *see* Doc. 6 at 1, but Petitioner states, under penalty of perjury, that he placed the petition in the prison mailing system on January 17, 2017. *Id.* at 40. Thus, with the benefit of the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), the petition was filed on January 17, 2017.

| | |
|---|---|
| | my paid attorney. |
| Ground 9: | I am actually and factually innocent of the offense. |
| Ground 10: | Newly discovered evidence indicates that my accuser has, and will continue to manipulate situations for her benefit. |
| Ground 11: | The evidence and testimony, including statements and supporting exams, was insufficient to support the plea. |
| Ground 12: | Improper and unethical, biased, conduct of the D.A., which led to prosecutorial misconduct. |
| Ground 13: | Unethical conduct of my paid attorney, resulting in ineffective assistance of counsel. |
| Ground 14: | The sentence is excessive and truly not applicable for the statute violation that I was charged under. |

Doc. 6.[4]

Respondent contends (1) that Petitioner's habeas corpus petition is time barred, (2) that Petitioner is not entitled to equitable tolling, and (3) that Petitioner cannot overcome the time bar through his claim of actual innocence. Doc. 12 at 1, 6-13.

---

[4] Petitioner filed a "Supplemental Petition" on March 20, 2017 (Doc. 13), more than 21 days after serving his original petition on Respondent. The Court therefore construes the "Supplemental Petition" as a motion to amend the habeas petition. *See* Fed. R. Civ. P. 15(a); *see also* 28 U.S.C. § 2242 (providing that habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Petitioner seeks leave to add a claim that the state courts should have liberally construed his application for post-conviction relief as an appeal out of time, in accordance with Oklahoma law. *See* Doc. 13 at 1-2. But this claim alleges an error in state post-conviction proceedings, not a constitutional defect that would render his conviction or sentence invalid. As a result, this additional claim is not a cognizable federal habeas claim. *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998). Thus, the Court denies Petitioner's motion to amend his habeas petition to add this claim.

A.     **Petitioner's § 2254 petition is time barred.**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) a person in state custody must file his or her § 2254 habeas petition within one year of the "latest of" the following four dates:

>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

This one-year period is statutorily tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Here, Petitioner seeks federal habeas relief from a state judgment entered on April 2, 2015. *See* Doc. 6 at 1. Because Petitioner's conviction rests upon a guilty plea, Oklahoma law required that he apply to withdraw the guilty plea within 10 days of the judgment and sentence before seeking direct review. OKLA. STAT. tit. 22, § 1051; Rule 4.2(A), *Rules of the Court of Criminal Appeals*, OKLA. STAT. tit. 22, Ch. 18, App. (2011). He did not do so. Thus, his

conviction became final on April 12, 2015, when the time for seeking direct review expired. *See* § 2244(d)(1)(A)). Petitioner's one-year time period to file a habeas petition began to run the next day, on April 13, 2015. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1)(A) to exclude day of event that triggers commencement of AEDPA's one-year limitations period).[5]

On March 16, 2016, after 338 days of his one-year period had elapsed, Petitioner applied for state post-conviction relief. Doc. 12-1. That application remained pending until November 30, 2016, when the OCCA (1) affirmed the state district court's decision denying post-conviction relief and (2) denied Petitioner's request to file a certiorari appeal out of time. Doc. 12-7. Thus, with the benefit of statutory tolling for the 259 days that his state application for post-conviction relief remained pending, Petitioner had until December 28, 2016, to file his habeas petition. *See* 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714. Petitioner filed his habeas petition on January 17, 2017. Doc. 6 at 1, 40. As Respondent asserts, this was after the expiration of AEDPA's one-year limitations period.

---

[5] Petitioner asserts in Ground 10 of his habeas petition that "Newly discovered evidence indicates that [his] accuser has, and will continue to, manipulate situations for her benefit." Doc. 6 at 24. Though not clear, Petitioner appears to assert that this "newly discovered evidence" provides an independent ground for federal habeas relief. *See id.* Significantly, Petitioner does not contend, either in his habeas petition (Doc. 6) or in his response to the motion to dismiss (Doc. 16), that this "newly discovered evidence" renders his habeas petition timely under § 2244(d)(1)(D). Thus, like Respondent, the Court will consider the timeliness of the petition under § 2244(d)(1)(A) and address the impact, if any, of Petitioner's "newly discovered evidence" in analyzing whether Petitioner can overcome AEDPA's time bar through his assertion of actual innocence. *See infra*, pp. 8-13.

Petitioner's sole argument regarding the timeliness of his petition is that he "feels that he is still within his timeline at the time his Habeas application was filed" Doc. 16 at 2, because "the OCCA should have construed [his post-conviction] appeal as the second step in the process of appealing his denial for an Appeal Out of Time," *id.* at 1. Though his argument is not entirely clear, Petitioner seems to argue that the OCCA should have granted his request for an out-of-time appeal and simultaneously treated his post-conviction appeal as his out-of-time appeal.

In any event, regardless of whether Petitioner "feels" that the OCCA should have construed his post-conviction appeal as an out-of-time appeal, the fact remains that the OCCA *denied* his request for an out-of-time appeal. Doc. 12-7. The fact also remains that Petitioner's conviction and sentence therefore became final on April 12, 2015. *See* § 2244(d)(1)(A). Thus, for purposes of calculating the timeliness of the habeas petition, Petitioner's application for state post-conviction relief—filed on March 16, 2016, and denied by the OCCA on November 30, 2016—supports only that Petitioner was entitled to statutory tolling during the 259 days that the application was pending. *See* § 2244(d)(2); *Clark*, 468 F.3d at 714. And, even with the benefit of statutory tolling, the habeas petition is untimely. Thus, Petitioner's habeas petition shall be dismissed as time barred unless he can demonstrate either (1) that he is entitled to equitable tolling, or (2) that he has a tenable claim of actual innocence.

**B.    Petitioner is not entitled to equitable tolling of AEDPA's statute of limitations.**

AEDPA's one-year limitations period is not jurisdictional; thus, it "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 649 (2010). But an appropriate case is one that involves "rare and exceptional circumstances." *Garcia v. Shanks*, 351 F.3d 468,

473 (10th Cir. 2003). And "[a] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner to "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

As Respondent points out, Petitioner does not allege, either in his habeas petition (Doc. 6) or in his response to the motion to dismiss (Doc. 16), any specific facts to support that he acted with due diligence or that "some extraordinary circumstances" prevented him from timely filing his habeas petition. Thus, the Court finds that Petitioner is not entitled to equitable tolling.

**C.     Petitioner does not have a tenable claim of actual innocence that would support an equitable exception to AEDPA's statute of limitations.**

Finally, Petitioner asserts in Ground 9 of his petition that he is "actually and factually innocent of the offense," that he "falsely entered [his guilty plea] at the advice and coercion of [his] attorney," and that his conviction rests upon "false accusation[s]" made by his ex-wife (the victim's mother). Doc. 6 at 21. As previously noted, *see supra* note 5, Petitioner further asserts in Ground 10 of his petition that he has "newly discovered evidence" that his ex-wife falsely accused him to "manipulate" the court system "for her [own] benefit." Doc. 6 at 25. This "evidence" consists of a letter that Petitioner purportedly received from his father in January 2016. *Id.* In the letter, Petitioner's father indicates that while he initially did not believe Petitioner's assertion that the victim's mother framed Petitioner, Petitioner's father had "come to

8

believe that [Petitioner was] railroaded." Doc. 12-3 at 31.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of AEDPA's one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924 (2013); *see also Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (noting that *Perkins* held "that a 'credible showing of actual innocence' provides an outright equitable *exception* to AEDPA's statute of limitations"). But the "miscarriage of justice exception" to AEDPA's statute of limitations "applies to a severely confined category [of] cases" and "tenable actual-innocence gateway pleas are rare." *Perkins*, 133 S. Ct. at 1928.[6]

In *Perkins*, the Supreme Court explained that the "gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The "*Schlup* standard is demanding." *House v. Bell*, 547 U.S. 518, 538 (2006). "Simply maintaining one's innocence, or even casting some doubt on witness credibility, does not necessarily satisfy this

---

[6] Petitioner appears to assert a "free-standing claim of actual innocence." *Case v. Hatch*, 731 F.3d 1015, 1036 (10th Cir. 2013). Significantly, he does not allege, either in his habeas petition (Doc. 6) or in his response to the motion to dismiss (Doc. 16), that he seeks an equitable exception to AEDPA's time bar under *Perkins*. Some states, including Oklahoma, recognize free-standing actual-innocence claims. *See Case*, 731 F.3d at 1036; *Slaughter v. State*, 108 P.3d 1052, 1054 (Okla. Crim. App. 2005) (recognizing that "innocence claims are the [Oklahoma] Post Conviction Procedure Act's foundation"). But it remains an open question "whether a prisoner may be entitled to [federal] habeas relief based on a freestanding claim of actual innocence." *Perkins*, 133 S. Ct. at 1931. Therefore, like Respondent, the Court will liberally construe Petitioner's assertion of actual innocence as an "actual-innocence gateway" claim. *Id.* at 1928.

standard." *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014); *cf. Bousley v. United States*, 523 U.S. 614, 623 (1998) (explaining that claim of actual innocence must be based on new evidence suggesting "factual innocence, not mere legal insufficiency"). Rather, "[t]o be credible [a claim of actual innocence requires] new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schulp*, 513 U.S. at 324. And to pass through the *Schulp* gateway, a petitioner must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 547 U.S. at 538.

As Respondent points out, *see* Doc. 12 at 10-12, both the state district court and the OCCA considered Petitioner's "newly discovered evidence" and rejected Petitioner's actual-innocence claim. *See* Doc. 12-5 at 10-12; Doc. 12-7 at 2-3. In adjudicating Petitioner's actual-innocence claim under state law, the OCCA applied a legal standard that is nearly identical to the *Schlup* standard. Specifically, the OCCA cited the standard from *Braun v. State*, 937 P.2d 505 (Okla. Crim. App. 1997). Under *Braun*, "a petitioner must show by 'clear and convincing evidence' that, but for the alleged error, "no reasonable juror would have found the petitioner guilty of the crime of which he was convicted.'" 937 P.2d at 514 n. 15 (quoting *Wallace v. Lockhart*, 12 F.3d 823, 827 (8th Cir. 1994)). *Braun* further states that "[t]he 'actual innocence' exception is applicable only to factual innocence, where a petitioner can make a colorable showing he is actually innocent of the crime for which he is convicted; is it not applicable to legal innocence." *Id.* The OCCA determined that Petitioner's "bald assertions" of innocence failed to meet the *Braun* standards. Doc. 12-7 at 3. With respect to Petitioner's "newly

10

discovered evidence," the OCCA determined that there was "no reasonable probability that his father's personal feelings would have changed the outcome in this case." *Id.*

Citing § 2254(d)(2), Respondent argues that Petitioner fails to allege that "the OCCA erred in finding a lack of any evidentiary support for his actual innocence claim, must less that the OCCA's rejection of his claim was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." Doc. 12 at 12. Citing § 2254(e)(1), Respondent further argues that Petitioner "certainly has not presented any allegations to rebut the presumption of correctness of the OCCA's determination of any factual issues underlying its ruling." *Id.*

At the outset, it is not clear whether this Court must review the OCCA's adjudication of Petitioner's actual innocence claim or its evaluation of Petitioner's "newly discovered evidence" under the deferential standards set out in § 2254(d) in evaluating Petitioner's "actual-innocence gateway" claim. The United States Court of Appeals for the Fourth Circuit appears to be the only circuit court to have directly addressed "the threshold question" of "[w]hether and to what extent AEDPA applies to *Schlup* claims." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010); *see also Blackmon v. Williams*, 823 F.3d 1088, 1101 n.2 (7th Cir. 2016) (discussing *Sharpe*, citing parties' agreement that AEDPA deference does not apply and assuming without deciding "that no § 2254 deference [was] due to the state court's resolution of [Petitioner's] actual innocence claim").

In *Sharpe*, the Fourth Circuit held that § 2254(d) does not apply "[w]ith respect to a *Schlup* claim of actual innocence" because "[s]tate courts have no occasion to adjudicate a

*Schlup* claim as such." *Sharpe*, 593 F.3d at 378. The Fourth Circuit further held, however, that § 2254(e)(1) does come into play because it refers to the "determination of a factual issue." *Id.* The Fourth Circuit reasoned that "[t]he deference Section 2254(e)(1) requires has particular salience when a state court's determinations closely track the legal issues before the federal habeas court. Where a state court looks at the same body of relevant evidence and applies essentially the same legal standard to that evidence that the federal court does under *Schlup*, Section 2254(e)(1) requires that the state court's findings of fact not be casually cast aside." *Id.* at 379.

Here, the OCCA did not adjudicate Petitioner's *Schlup* gateway claim as such—i.e., the OCCA did not decide whether Petitioner could overcome AEDPA's time bar for his untimely habeas petition. Nonetheless, the OCCA effectively adjudicated the *Schlup* gateway claim by resolving the state-recognized freestanding claim of actual innocence and applying state standards for that claim that are nearly identical to the *Schlup* standard. Under these circumstances, the OCCA's adjudication of Petitioner's actual innocence claim may be entitled to deference under § 2254(d).

Ultimately, the Court concludes that it need not resolve whether AEDPA deference applies because Petitioner's actual innocence claim fails regardless of whether the Court considers it de novo or under § 2254(d)'s deferential standards. First, if the Court adopts the view espoused by the Fourth Circuit in *Sharpe* and gives deference to the OCCA's factual determinations relating to the actual innocence claim only under § 2254(e)(1) while considering Petitioner's *Schlup* gateway claim de novo, the Court concludes that Petitioner fails to satisfy the

*Schlup*'s "demanding" standard. *House*, 547 U.S. at 538. Given that Petitioner admitted in his plea agreement (Doc. 12-4 at 24) and in open court during his plea hearing (Doc. 12-4 at 15) that he committed the acts necessary to support his conviction, Petitioner has not "demonstrate[d] that more likely than not, in light of the new evidence [of his father's change of heart], no reasonable juror would find him guilty beyond a reasonable doubt." *Id.*

Second, if AEDPA deference applies, the Court agrees with Respondent that Petitioner has failed to demonstrate that the OCCA's adjudication of his actual innocence claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1); or "resulted in decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

Because Petitioner's actual innocence claim is untenable either reviewed de novo or with AEDPA deference, Petitioner is not entitled to an equitable exception to AEDPA's statute of limitations.

*CONCLUSION*

Petitioner's habeas petition is untimely under § 2244(d)(1)(A), and Petitioner has not demonstrated that he is entitled to equitable tolling of, or an equitable exception to, AEDPA's one-year limitations period. Consequently, the Court grants Respondent's motion and dismisses the petition for writ of habeas corpus with prejudice as time barred.

**Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*,

instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not debate the correctness of the Court's procedural rulings that the petition is time barred and that Petitioner has failed to demonstrate that he is entitled to equitable relief from AEDPA's time bar, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's "Supplemental Petition" (Doc. 13) is construed as a motion to amend his habeas petition and is **denied**.

2. Respondent's motion to dismiss the petition as time barred (Doc. 11) is **granted**.

3. The petition for a writ of habeas corpus (Doc. 6) is **dismissed with prejudice**.

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered in this case.

**DATED** this 24th day of October, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT